THE CHICAGO TITLE AND TRUST COMPANY

*v.*

RICHARD YATES, Governor, *et al.*

*Opinion filed June 23, 1904—Rehearing denied October 11, 1904.*

1. RECEIVERS—*receiver is not entitled to retain interest on bonds.* Interest collected by a receiver corporation upon bonds while the same were in its possession cannot be retained for the benefit of creditors after a decree ordering the surrender of the bonds to the proper owners, where the original possession of the bonds by the receiver was without right and as an intermeddler.

2. PLEADING—*when refusal to permit filing of supplemental answer is proper.* Refusal to permit a supplemental or additional answer to be filed after the conclusion of the court upon the exceptions to the original answer are announced is proper, where the supplemental answer alleges no matter not stated in the original answer which could prevail as a defense to the bill.

3. RES JUDICATA—*when question of interest is not res judicata.* Failure of a decree directing a receiver to turn over possession of certain bonds to the proper owners to mention interest on the bonds is not an adjudication that the receiver is entitled to retain the interest collected on the bonds while in its possession, where its possession of the bonds was unlawful and the collection of interest was voluntary and incident to the possession.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

HENRY W. MAGEE, and MAX PAM, for plaintiff in error.

H. J. HAMLIN, Attorney General, (GEORGE B. GILLESPIE, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This writ of error is sued out to the circuit court of Cook county to review an order of that court directing the payment by plaintiff in error of $6608.28, alleged interest collected by plaintiff in error on bonds in its custody as receiver, belonging to the State of Illinois.

The Globe Savings Bank of Chicago was organized under the banking laws of the State of Illinois and conducted a general banking business and also had a safety deposit department. Charles W. Spaulding was president of the bank and also treasurer of the University of Illinois. Through speculations and peculations of said Spaulding said bank became insolvent and said Spaulding became a defaulter as treasurer of said university. On April 5, 1897, Charles E. Churchill filed a bill in said circuit court in which it was alleged that said bank was insolvent and praying for the appointment of a receiver and to dissolve said bank. Plaintiff in error was appointed receiver of the bank. After its appointment it was made to appear that Charles W. Spaulding had in the safety deposit department of the said bank private boxes to which he alone had access and in which it was believed were securities and assets belonging to the bank, and on the 10th of April, 1897, the court directed that the receiver open these boxes, and among them was box 556, which was opened and found to contain sixteen bonds, of $500 each, of the town of Buckley; seventeen bonds, of $1000 each, of the Marshalltown Light, Power and Railway Company; thirty-nine bonds, of $1000 each, of the Pocatello Power and Irrigation Company, together with a large amount of other securities. A list of the contents of this box was made and presented to the court, and the University of Illinois intervened and by its petition claimed that the above bonds, specifically mentioned, were assigned to it by Charles W. Spaulding

as security for a deficit or shortage in his accounts with it. Churchill, and those representing the creditors of the bank, insisted that these bonds belonged to the bank and were unlawfully extracted from it and its business by Spaulding, and that they should be held by the plaintiff in error, as receiver, for the benefit of the creditors of the bank. This question was litigated for a number of years, when the circuit court decreed that they belonged to the University of Illinois, which is a State institution, and the funds of which, in a sense, belong to the State. From this decree an appeal was taken to this court, and so far as relates to the bonds in question the decree was affirmed. (*University of Illinois* v. *Globe Savings Bank*, 185 Ill. 515.) The decree of the circuit court as originally entered in the cause last above entitled, found that Spaulding had appropriated to his own use $15,000 of the bank's funds, and that the bank and its creditors had an equitable lien against the town of Buckley bonds and the Marshalltown Light, Power and Railway Company bonds, and certain Idaho Canal Company bonds, to the extent of said $15,000, and required, as a condition of the delivery of the bonds to the University of Illinois, that it pay to the receiver $15,000. That order, in so far as it relates to the bonds now in controversy, was reversed by this court and the lien of the bank was limited to the Idaho Canal Company bonds, and the cause was remanded to the circuit court, with direction to enter an order in conformity with the opinion of this court. The cause was re-docketed, and, pursuant to the remanding order, the decree of the circuit court was modified, and plaintiff in error was directed to deliver to the proper officers of the State of Illinois, or to certain attorneys named in said decree, the Buckley, Marshalltown and Idaho Canal Company bonds, which plaintiff in error did. The modification in the decree of the circuit court was made on July 1, 1900. January 1, 1901, defendants in error filed a petition in said court, alleging that while the plaintiff in

error, as receiver, had the custody of said bonds it received interest upon the same in the amount involved in this proceeding. Plaintiff in error filed its answer admitting that it had received interest, as alleged in the petition, but denying that defendants in error were entitled to the same; claimed that the money so received should go to the creditors of the bank; alleged that the stock that was set apart to it to satisfy the lien of $15,000 which the bank had against Spaulding was insufficient to satisfy the $15,000 claim, and that it was believed not to exceed $8000 could be realized upon such bonds, and that this interest should be applied on the deficit. It also alleged that the original decree found a money judgment for the University of Illinois of $1987.81, and that interest was not mentioned in the proceeding or original decree, and that the same was *res judicata*. It also claimed that it was entitled to hold said fund for re-imbursement for attorneys' fees and expenses, not only for the collection of said interest in controversy, but for saving to the State the large amount of funds and securities that the State realized in its proceedings through, as plaintiff in error claims, its diligence.

The money judgment that was obtained by the State against the Globe Savings Bank was an entirely distinct matter from the matters here in controversy. A time was fixed for the filing of claims against the bank, and the University of Illinois, a creditor of the bank, filed its claim and it was allowed as other ordinary claims, and it was paid its per cent of the funds of the bank in due course of administration of the receiver. The bonds in controversy were not the property of the bank, and the plaintiff in error, as receiver of the bank, had no right or title to them and no right of possession in them. So far as they were concerned it was a mere intermeddler, and in its zeal to protect the creditors of the bank took possession of property to which it had no right, and it is useless now to contend that plaintiff in error can

have any equitable or legal claim or right as against these bonds or the interest on them.

When the answer of the plaintiff in error was filed to the petition of the defendants in error, exception was filed to the answer and the cause was heard upon exceptions, which were sustained, and a decretal order for the payment of the money to the defendants in error was entered. When the conclusion of the court upon the exceptions to the answer was announced plaintiff in error sought to file a supplemental or additional answer, in which substantially the same matters that were set up in the original answer were again set up and enlarged, and it was further alleged that in the distribution of the funds of the bank among the creditors, of which the State was one, to the amount of the money judgment above mentioned as having been in the original decree, plaintiff in error claims to have distributed the interest now in controversy as a part of the assets of the bank. The court refused to permit the supplemental answer to be filed and entered the order for payment complained of. It is urged that in this the court erred, and that it should have permitted the amended or supplemental answer to be filed and heard argument upon the same. We have examined it and think there was no error in the action of the court, as it stated no matter not stated in the original answer that could prevail as a defense in this cause. Most of it is devoted to matters that are included in the original decree. Whatever equitable claims plaintiff in error had against the original fund belonging to the State should have been, and practically all were, urged in the original proceeding. As against the funds belonging to the State, after setting apart the portion which should be subject to the claim of $15,000 for reimbursement to the bank, the creditors of the bank, or the bank, had no interest in any bonds or property that belonged to the State, and plaintiff in error, by assuming that such property belonged to the bank and in such as-

sumption taking possession thereof, could acquire no rights against the property of the State.

The contention that because the interest was not mentioned in the original proceeding, and because the decree specifically directed the turning over of the bonds upon which the interest in question was collected and did not mention interest, that therefore the question of interest is *res judicata* as to the rights of the State to the interest now demanded, we think also untenable. At the time plaintiff in error received the bonds upon which it collected this interest, and at the time the original intervening petition of the State was filed in the proceeding to dissolve the bank and liquidate its debts and marshal its assets, no interest had been received by the plaintiff in error upon the bonds, and no assumption would arise that plaintiff in error, being unlawfully in possession of such bonds, would receive interest upon them. Within a short time of the receipt of them by the plaintiff in error it had notice that the State was asserting ownership in them, and whatever it did from that time on with reference to them cannot be permitted to in any manner prejudice or curtail the rights of the State. The collection of interest upon the bonds by plaintiff in error was purely voluntary upon its part, so far as the State is concerned. We regard the interest upon these bonds as an incident to the bonds and the collection of it by plaintiff in error as a mere incident to its possession of them. (*McConnel* v. *Thomas,* 2 Scam. 313.) And we are unable to assent to the contention that anything plaintiff in error could do in that regard would give it an equitable claim upon such interest.

The amended answer set up no matter that could be a proper defense to this proceeding, and the court, under the circumstances, was not obliged to permit the same to be filed, and did not err in refusing leave to do so.

The order of the circuit court of Cook county is affirmed.

*Decree affirmed.*